Case 0:08-cv-61484-WJZ   Document 1   Entered on FLSD Docket 09/19/2008   Page 1 of 7S   D.C.

ELECTRONIC

SEPT 18, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | **08-61484-CIV-ZLOCH/SNOW** |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | **COMPLAINT** |
| SEARS HOLDINGS CORPORATION AND KMART CORPORATION, ) ) ) | JURY TRIAL DEMAND |
| Defendants. ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Charging Party Dale Lewis and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in paragraph 9 below, the Equal Employment Opportunity Commission charges that Defendants Sears Holdings Corporation and Kmart Corporation discriminated against Lewis and other similarly situated individuals by subjecting them to harassment because of race. The Commission further alleges that Defendants constructively discharged and/or terminated Lewis and those similarly situated and retaliated against them because they engaged in protected activity.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Broward Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Sears Holding Corporation, a Delaware corporation, has been a company conducting business in the State of Florida, City of Hollywood, and has had at least fifteen (15) employees.

5. At all relevant times, Defendant Kmart Corporation, a Delaware corporation, has been a company conducting business in the State of Florida, City of Hollywood, and has had at least fifteen (15) employees.

6. At all relevant times, Defendant Sears Holdings Corporation has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

7. At all relevant times, Defendant Kmart Corporation has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

2

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Lewis filed a charge with the Commission alleging violations of Title VII by Defendants Sears Holdings Corporation and Kmart Corporation. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least October of 2004, Defendants Sears Holdings Corporation and Kmart Corporation have engaged in unlawful employment practices at its Hollywood, Florida facility in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a) as follows:

   a. Lewis, a Black male, was employed by Defendants at their Hollywood, Florida facility.

   b. Defendants' managerial employees used racially offensive epithets when referring to Lewis and other similarly situated individuals and otherwise created a hostile working environment because of race.

   c. One manager assaulted Lewis and called him a "nigger." After Lewis complained about the offensive conduct, Defendants forced him to leave the premises and did not allow him to return to work the next day.

   d. Managers also referred to Black customers as "monkeys" and made racially offensive statements including but not limited to, "I don't talk black, nigger" to Lewis and other similarly situated individuals.

   e. The conduct in subparagraphs 9(a) – (d) was sufficiently severe and pervasive to constitute an intimidating hostile and offensive work environment.

   f. Lewis and other similarly situated individuals complained to management

3

about the hostile work environment. Defendants did not correct the offensive conduct and the offensive conduct continued.

      g.    Because Defendants failed to remedy the hostile work environment, Lewis and other similarly situated individuals were constructively discharged and/or terminated.

      h.    The racial harassment was perpetrated by management and culminated in tangible job detriment to Lewis and those similarly situated including, but not limited to constructive discharge and termination.

      i.    Defendants discharged similarly situated individuals after they complained about and/or reported racially offensive conduct.

      j.    Similarly situated individuals were also terminated because of race when Defendant subjected them to disparate treatment. For example, an employee in Defendants' Loss Prevention Department was fired for alleged misconduct while others who engaged in similar misconduct were treated more favorably.

    10.    The unlawful employment practices complained of in paragraph 9 were intentional.

    11.    The unlawful employment practices complained of in paragraph 9 were done with malice or with reckless indifference to the federally protected rights of Lewis and other similarly situated individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging

in employment practices which discriminate on the basis of race and/or retaliate against employees.

B.  Order Defendants to institute and carry out policies and practices which provide equal employment opportunities for employees regardless of race, and which eradicate the effects of Defendants' past and present unlawful employment practices.

C.  Order Defendants to make whole Lewis and other similarly situated individuals by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including, but not limited to front pay and reinstatement.

D.  Order Defendants to make whole Lewis and other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eleven (11) above, including job search expenses in amounts to be determined at trial.

E.  Order Defendants to make whole Lewis and other similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including pain, suffering and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Lewis and other similarly situated individuals punitive damages for Defendants' malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission demands a jury trial on all questions of fact raised by its complaint.

    Respectfully Submitted,

    RONALD COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN Y. REAMS
    Associate General Counsel

    NORA E. CURTIN
    Regional Attorney

    MARIA KATE BOEHRINGER
    Supervisory Trial Attorney

    _/s/ Jimmy K. Edwards_
    JIMMY K. EDWARDS
    Trial Attorney
    Arkansas Bar No. 2008088
    U. S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Miami District Office
    2 South Biscayne Boulevard, Suite 2700
    Miami, Florida 33131
    Tel: (305) 808-1795 Direct
    Fax: (305) 808-1835
    Email: jimmy.edwards@eeoc.gov

08-61484-CIV-ZLOCH/SNOW 08-61484-CIV-ZLOCH/SNOW Document 1 Entered on FLSD Docket 09/19/2008 Page 7 of 7S D.C. ELECTRONIC

SEPT 18, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# CIVIL COVER SHEET

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
U.S. Equal Opportunity Employment Commission

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jimmy K. Edwards
EEOC, 2 South Biscayne Blvd. Suite 2700
Miami, FL 33131 Tel: (305) 808-1795

## DEFENDANTS
Sears Holdings Corporation and Kmart Corporation

County of Residence of First Listed Defendant: Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

FIL 08 CV 61484 Zloch/Snow

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO
JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964, as amended.

LENGTH OF TRIAL via 5-7 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
s/ Jimmy K. Edwards
DATE 09/18/08

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____ IFP _____