UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:08-cv-61484-ZLOCH/SNOW

UNITED STATES EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
 )
    Plaintiff, )
 )
and )
 )
DALE LEWIS )
 )
    Plaintiff-Intervenor )
 )
v. )
 )
SEARS HOLDINGS CORPORATION )
AND KMART CORPORATION, )
 )
    Defendants. )
_____/

## CONSENT DECREE

1.    This Consent Decree ("Decree") is made and entered into by and between Plaintiff the Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor Dale Lewis ("Lewis"), Sears Holdings Corporation and Kmart Corporation ("Kmart") (collectively "Defendants"). EEOC, Lewis and Defendants are collectively referred to as the "Parties" throughout this Decree.

2.    EEOC filed this action on September 18, 2008 alleging that Defendants violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") when they allegedly discriminated against and/or retaliated against certain employees on the

basis of their race, Black. Defendants deny that they discriminated against or retaliated against any persons and maintain that they at all times complied with the law.

3. In the interest of resolving this matter, to avoid further costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by the entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

4. This Decree fully and finally resolves claims filed by EEOC on behalf of itself, Dale Lewis, David Sparrock, Harrison Denson, and Nixon Rouzard and Plaintiff-Intervenor Dale Lewis in this action against Defendants arising from EEOC Charge of Discrimination No. 510-2007-01223. The Parties further agree that this Decree does not resolve any Charges of Discrimination that may be pending with EEOC against Defendants other than the Charge referred to in this paragraph.

## I. FINDINGS

5. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties.

   b. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

   c. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of Dale Lewis, David Sparrock, Harrison Denson, Nixon Rouzard, and the public interest are adequately protected by this Decree.

d.  The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, and officers, successors and assigns of Defendants.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## II.  GENERAL INJUNCTIVE PROVISIONS

6.  Defendants, or any of Defendants' officers, managers, employees, agents, partners, successors, and assigns are enjoined from engaging in conduct that discriminates on the basis of race in violation of Title VII.

7.  Defendants, or any of Defendants' officers, managers, employees, agents, partners, successors, assigns and all persons acting in concert with either Defendant are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## III.  MONETARY RELIEF

8.  Within ten (10) business days from the date the Court enters this Decree, Defendants shall pay $425,000 to resolve this litigation.

9.  Defendants shall make all payments in the manner set forth in Exhibit A. If Defendants fails to tender the payments described in Exhibit A, then Defendants shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the non-compliance or delay of the Defendants.

## IV. DISTRIBUTION OF POLICY

10. Kmart shall re-distribute its written policy prohibiting discrimination ("Policy") to all Kmart employees and managers who work in Kmart store #3818, who work in District #40607, and who work in LP District #40037 within 60 days of the entry of this Consent Decree.

11. Kmart shall notify EEOC by letter within 90 days of the entry of this Consent Decree that Kmart has complied fully with paragraph 10 of this Decree. This and any other submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to: Kaleb M. Kasperson, Trial Attorney, U. S. Equal Employment Opportunity Commission, 2 South Biscayne Blvd., Suite 2700, Miami, Florida 33131.

12. The Policy shall continue to be included in any relevant policy or employee manuals kept by Kmart. The Policy shall also continue to be kept and maintained in a conspicuous and accessible place for all employees at all of Kmart's facilities described in paragraph 10 and printed in a font that is easily legible. The Policy shall be kept and maintained in an area that is accessible to all workers.

13. A copy of the Policy shall be distributed to each new regular full-time, part-time, or temporary employee, including managers, within ten (10) days of the hire date. Human Resources will be advised that a duplicate copy of the Policy shall be given to any employee who requests it.

## V. TRAINING

14. During the three (3) years covered by this Decree, Kmart shall twice provide two (2) hours of training to the following categories of employees: all Kmart employees employed at Kmart store #3818, all employees who work in District #40607, and all employees who work in LP District #40037, including all management personnel, on all equal employment opportunity

4

laws and Kmart's Policy. The trainings shall be conducted by a vendor selected by Kmart and approved by EEOC before the execution of this Decree. These trainings shall be conducted separately from other job-related training and/or business-wide meetings and the training session(s) shall be dedicated solely to all equal employment opportunity laws and Kmart's Policy.

15. Kmart further agrees to provide an additional two (2) trainings, each of which shall last two (2) hours, during the duration of this Decree for the following managerial personnel: (1) Curtis Confer; (2) Margie McCue; (3) Kenneth Morris; and (4) Mike D'Amico. The trainings shall be conducted by a vendor agreed upon by Kmart and EEOC before the execution of this Decree. This training shall be conducted separately from the trainings described in paragraph 14 of this Decree.

16. Kmart agrees to provide EEOC with written notice of each training session, including the location of the training, and provide any and all copies of pamphlets, brochures, outlines, or other written materials to be provided to the participants of the training sessions, no later than fifteen (15) calendar days before each session.

17. Within fifteen (15) calendar days of the completion of training, Kmart shall notify EEOC of the dates the training was conducted, the name and title of the person(s) who conducted the training, and the attendance sheet for each training session.

## VI. MONITORING AND REPORTING

18. Within the geographic scope of this Consent Decree, Kmart shall furnish to EEOC the following written reports twice annually for a period of three (3) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. Each such report shall contain:

5

      a.    A description of each complaint of discrimination based upon race made at any of the following locations: Kmart store #3818, at any store located in District #40607, or at any store located in LP District #40037 including the names, and last known addresses and telephone numbers of the complaining parties and the names and, if known, last known addresses and telephone numbers of any witnesses identified by the complaining party, and the resolution of such complaint.

      b.    A description of any and all action Kmart took in response to each complaint and any written statements obtained or provided by the person bringing the complaint and any witnesses. Kmart states that by signing this Consent Decree it is not waiving any attorney-client and/or work product privilege that may attach to any document that is responsive to this paragraph.

      c.    Kmart agrees that it will make all employees available to EEOC for interviewing in connection with any complaint described in Paragraph 18.

      d.    A certification by Kmart that the Notice required to be posted pursuant to Section VII of this Decree remained posted during the entire six (6) month period preceding the report.

19.    Nothing contained in this Decree shall be construed to limit any obligation Kmart may otherwise have to maintain records under Title VII of the Civil Rights Act of 1964 or any other law or regulation.

### VII. POSTING OF NOTICE

20.    Within fifteen (15) business days after entry of this Decree, Kmart shall post eleven (11) inches by fourteen (14) inches laminated copies of the Notice attached as Exhibit B to this Decree at all Kmart stores located in District #40607, LP District #40037, and at Kmart

store #3818, in a conspicuous location easily accessible to and commonly frequented by employees. The Notice shall remain posted for three (3) years from the date of entry of this Decree. Kmart shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Kmart shall certify to EEOC in writing within fifteen (15) business days after entry of the Decree that the Notices have been properly posted.

### VIII. DISPUTE RESOLUTION

21. The Parties have the right to seek Court intervention to enforce the provisions of the Decree. Additionally, no party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's ability to bring an action to enforce the terms of the Decree in this Court.

### IX. DURATION OF THE DECREE AND RETENTION OF JURISDICTION

22. All provisions of this Decree shall be in effect for a period of three (3) years immediately following entry of the Decree.

23. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

For U.S. Equal Employment Opportunity Commission:

*[signature]*

MICHAEL O'BRIEN
Acting Regional Attorney
United States Equal Employment
Opportunity Commission
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, Florida 33131
Telephone:   (305) 808-1853
Facsimile:   (305) 808-1835


KALEB M. KASPERSON
Florida Bar No. 658766
Trial Attorney
United States Equal Employment
Opportunity Commission
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, Florida 33131
Telephone:   (305) 808-1786
Facsimile:   (305) 808-1835

DATED: _____

For Defendants:

*[signature]*

CHRISTOPHER P. HAMMON
Florida Bar No. 176753
Counsel for Defendants
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
701 Brickell Avenue, Suite 2020
Miami, FL 33131-3302
Telephone:   (305) 374-0506
Facsimile:   (305) 374-0456


*[signature]*
Representative for Sears Holdings Corp.


*[signature]*
Representative for Kmart Corporation

ENTERED:

_____
THE HONORABLE WILLIAM J. ZLOCH
UNITED STATES DISTRICT COURT JUDGE

8

## EXHIBIT A
## ALLOCATION OF PAYMENTS AS WAGES AND/OR COMPENSATORY DAMAGES

1. The gross payment of $250,000.00 to Dale Lewis represents $10,000.00 in back wages and $240,000.00 in non-economic compensatory damages. Defendants shall issue Lewis one check for the gross amount of $10,000.00, representing back wages and shall issue Lewis an IRS form W2 for $10,000.00 less required withholdings. Defendants shall issue Lewis a second check for $240,000.00, representing compensatory damages and attorney's fees, shall issue Lewis an IRS form 1099 for $240,000.00, and shall not withhold anything from such amount. Both checks shall be made payable to: Hartley & Eagle LLP Trust Account, 110 S.E. 6th Street, Suite 120, Fort Lauderdale, FL 33301.

2. The gross payment of $70,000.00 to Harrison Denson represents $70,000.00 in non-economic compensatory damages. Defendants shall issue Denson one check for $70,000.00 representing compensatory damages, shall issue Denson an IRS form 1099 for $70,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Harrison Denson, 1141 North 70th Avenue, Hollywood, FL 33024.

3. The gross payment of $55,000.00 to David Sparrock represents $5,000.00 in back wages and $50,000.00 in non-economic compensatory damages. Defendants shall issue Sparrock one check for the gross amount of $5,000.00, representing back wages and shall issue Sparrock an IRS form W2 for $5,000.00 less required withholdings. Defendants shall issue Sparrock a second check for $50,000.00, representing compensatory damages, shall issue Sparrock an IRS form 1099 for $50,000.00, and shall not withhold anything from such amount. The checks shall be made payable to: David Sparrock, 6050 N.W. 46th Avenue, North Lauderdale, FL 33319.

4. The gross payment of $50,000.00 to Nixon Rouzard represents $50,000.00 in non-economic compensatory damages. Defendants shall issue Rouzard one check for $50,000.00 representing compensatory damages, shall issue Rouzard an IRS form 1099 for $50,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Nixon Rouzard, 777 N.W. 155 Lane, Apt #411, Miami, FL 33169.

All payments described in this Exhibit shall be mailed to the addresses provided herein and sent by Certified Mail (Return-Receipt). Copies of all payments shall be forwarded to the attention of Kaleb M. Kasperson, Trial Attorney, U.S. Equal Employment Opportunity Commission, 2 South Biscayne Boulevard, Suite 2700, Miami, Florida 33131 within five (5) calendar days of issuance.

9

## EXHIBIT B
## NOTICE POSTED PURSUANT TO CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree entered by the United States District Court in EEOC v. Sears Holdings Corporation and Kmart Corporation, 0:08-cv-61484-ZLOCH/SNOW. According to the lawsuit, the EEOC asserted that Kmart discriminated against and/or retaliated against certain employees on the basis of their race, Black. Kmart denies that it discriminated against or retaliated against any employees and maintains that it at all times complied with the law.

Title VII protects individuals from employment discrimination because of race, religion, color, national origin, and/or sex. Title VII also protects individuals from retaliation for having complained of an unlawful employment practice. Kmart will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to discrimination prohibited by Title VII, pregnancy discrimination, age discrimination, or discrimination based on a person's disability.

Kmart assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law, including opposing discriminatory acts or filing charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee or manager found to have violated the companies' policies prohibiting discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, pregnancy, age, or disability. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and is responsible for investigating discrimination in the workplace.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Kaleb M. Kasperson, Trial Attorney, U.S. Equal Employment Opportunity Commission, 2 South Biscayne Blvd., Suite 2700, Miami, Florida 33131.

Date:

_____
Kmart Corporation, CEO